In the Matter of the Application of THE CITY OF NEW YORK, Relative to Acquiring Title to the Real Property Required for the Public Place, Bounded by Union Turnpike, 126th Street, 82nd Avenue and Queens Boulevard, in the Borough of Queens, City of New York. KEW GARDENS ESTATES, INC., Appellant; THE CITY OF NEW YORK and THE PRESIDENT AND DIRECTORS OF THE MANHATTAN COMPANY, Respondents.— In a condemnation proceeding the appeal is by the claimant, owner of the property, from the final decree which fixes the amount of damages for the property taken, and from an order denying a motion to vacate the decree and for other relief. Decree, as amended, in so far as appealed from, and order, affirmed, with costs to respondent The City of New York. The only question involved is that of quantum and there is ample credible evidence in the record to support the findings of the Special Term. Lazansky, P. J., Hagarty, Carswell and Adel, JJ., concur. Johnston, J.: I dissent and vote to modify the

decree by increasing the award of $485,000, as allowed in the final decree, to the sum of $587,500, as allowed in the tentative decree. I concur for affirmance of the order denying the motion to vacate the decree. Damage Parcels 1 to 13, inclusive, owned by appellant, constitute the major portion of the plot upon which the new Queens Borough Hall is located at the northeast corner of Queens boulevard and Union turnpike. The original plan contemplated the erection of the new borough hall at the northwest corner on a plot, the greater area of which was owned by the board of transportation. When it was determined that appellant's property was more desirable, negotiations were entered into looking to the acquisition by the city of claimant's property and the purchase by the claimant of the board of transportation parcel. While these negotiations were pending, and without claimant's knowledge, the city had both parcels appraised by an independent committee of five experts selected by the Long Island Real Estate Board. This committee valued claimant's property at $630,000, and the board of transportation parcel, subject to existing subway easements, at $110,000. Thereupon and in December, 1939, an agreement was entered into which, in substance, and subject to certain conditions, provided that if claimant's property be acquired by condemnation " the price to be named by the owner and the City * * * shall be * * * fixed at and limited " to $587,500, which the owner agreed to accept as just compensation. The agreement further provided that the board of transportation parcel will be sold by the city, and the claimant, subject to certain conditions, will submit a bid of $200,000 for it. This proceeding was then commenced and title vested on January 15, 1940, and the city authorized the sale of the board of transportation parcel. On the trial claimant's expert fixed the value of its property at $715,426. The agreement heretofore referred to was received in evidence. While the city offered no proof as to the value of claimant's property, its expert, on his direct examination, stated $587,500 was a fair price to pay for it. The tentative decree filed on February 17, 1940, fixed the value at $587,500. On March 7, 1939, the board of transportation parcel was offered for sale at auction. The claimant did not bid, asserting that the city failed to comply with the provisions of the agreement and the city's title was defective. Whether these contentions were well or ill founded need not now be determined. Suffice to say, the court subsequently found the city was unable to convey marketable title. On March 14, 1940, the city filed objections to the tentative decree alleging, among other things, that the award to claimant was excessive. A hearing was had on the objections and expert testimony was adduced on both sides. The city's three experts fixed the value at $422,290, $437,172.30, and $417,526.74, respectively. The claimant's expert, whose qualifications were not challenged, fixed the value at approximately $745,000. The court allowed $485,000. Assuming the court had power to make an award in an amount less than $587,500, the value fixed in the agreement, the award of $485,000 is inadequate. It is $112,000 less than the assessed valuation if we add $15,000 — the price paid for three small parcels which claimant acquired to make up the plot — and it is $145,000 less than what the five appraisers selected by the city fixed as the true value. In my opinion the court " failed to give to' [the] conflicting evidence the relative weight which it should have and thus has arrived at a value which is * * * inadequate." (*Matter of City of New York* [*Newtown Creek*], 284 N. Y. 493, 497.)